# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID WAYNE KELLEY,** | ) | **CASE NO. 7:17CV00278** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: Norman K. Moon |
| Respondent. | ) | Senior United States District Judge |

David Wayne Kelley, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Rockingham County Circuit Court. Respondent filed a motion to dismiss Kelley's § 2254 petition, and Kelley responded, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss.

## I.

On April 9, 2013, Kelley was convicted in the Rockingham County Circuit Court of ten counts of possession of child pornography, one count of distribution of child pornography, and one count of distribution of child pornography, second offense, all in violation of Va. Code § 18.2-374.1:1. The circuit court sentenced him to fourteen years and seventy-two months' imprisonment. Kelley appealed, but the Court of Appeals of Virginia denied his petition. Kelley appealed again, but the Supreme Court of Virginia affirmed his convictions.

On April 8, 2016, Kelley filed a state habeas petition in the Rockingham County Circuit Court, but the court denied relief. The Supreme Court of Virginia dismissed his habeas appeal on procedural grounds.

**II.**

On June 5, 2017, Kelley filed the present petition, alleging the same five claims as in his state habeas petition:

1. Officers violated his *Miranda* rights;

2. Forcing the jury to view child pornography videos violated his Seventh Amendment right to an impartial jury;

3. There was insufficient evidence to prove distribution of child pornography;

4. His Fifth, Sixth, and Eighth Amendment rights were violated when the trial court denied his motion to suppress evidence; and

5. Counsel was ineffective for failing to request proper jury instructions.

Kelley's petition is timely. *See* 28 U.S.C. § 2244(d)(1)(A).

**III.**

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." *Kasi v. Angelone*, 300 F.3d 487, 501-02 (4th Cir. 2002) (internal quotation marks and citation omitted). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)).

Kelley properly exhausted Claims 1 through 4 by presenting them to the Virginia Supreme Court on direct review. However, Claim 5 is simultaneously exhausted and defaulted because Kelley failed to perfect his state habeas appeal to the Virginia Supreme Court under Va. Sup. Ct. R. 5:17(c)(1)(i). He cannot return to state court because his direct appeal is final and any additional state habeas proceeding would be both untimely and successive. *See* Va. Code §§ 8.01-654(A), 8.01-654(B) (A petitioner must file a writ of habeas corpus within one year of the conclusion of the direct review process and include all allegations the facts of which are known to petitioner at the time of filing. A habeas petition "shall certify that the petitioner has filed no prior habeas corpus petitions attacking the conviction or probation revocation.").[1] Thus, Claim 5 is exhausted but defaulted under *Baker*.

"If a claim is defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." *Bell v. True*, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)). The "cause" prong requires a petitioner to demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The "prejudice" prong requires a petitioner to show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 495. "[T]he 'cause and prejudice' test is framed in the conjunctive, the absence of cause makes unnecessary an inquiry into prejudice." *Davis v. Allsbrooks*, 778 F.2d 168, 176 (4th Cir. 1985). Meanwhile, the fundamental miscarriage of justice exception requires a petitioner to proffer a colorable claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324-25 (1995).

---

[1] Kelley's direct review process ended in 2015.

3

Kelley never offers any information regarding his failure to prevent default and he does not allege a colorable claim of actual innocence under *Schlup*.[2]

Kelley fails to demonstrate that an objective factor, external to his defense, impeded him from properly raising his claim in the Supreme Court of Virginia; therefore, Claim 5 is barred from federal habeas review.

## IV.

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
> or
> (2) [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

For sufficiency claims, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307,

---

[2] Kelley never addresses cause and prejudice or a fundamental miscarriage of justice in his filings.

319 (1979) (emphasis in original) (citing *Johnson v. Louisiana*, 406 U.S. 356, 360 (1972)).

Further,

> *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if *no rational trier of fact could have agreed with the jury*." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (emphasis added).

## V.

In Claims 1 and 4, Kelley alleges that police officers interrogated him in violation of his *Miranda* rights, and that, because of that violation, the trial court should have granted his motion to suppress the statements that he made to police officers. On direct review, the Court of Appeals of Virginia concluded:

> The search of appellant's home did not involve a military-like operation, but only consisted of a handful of officers. The officers advised appellant that he was not under arrest and that he was free to leave. Additionally, the officers never displayed their weapons while in appellant's home. It was appellant who agreed to speak to two of the officers, and he suggested his bedroom as a suitable location to talk. Appellant was not physically restrained during the conversation, which lasted less than an hour. The officers informed appellant and later reminded him several times that speaking with them was entirely his choice and that he was free to leave at any time. Considering these facts and circumstances, *Miranda* warnings were not required, and the trial court did not err in denying the motion to suppress.

*Kelley v. Commonwealth*, No. 1419-13-3, slip op. at 5-6 (Va. Ct. App. May 28, 2015), ECF No. 10, Attach. 2.

I agree with the state court's adjudication. The Supreme Court of the United States has held that:

> Although *Miranda*'s requirement of specific warnings creates a limited exception to the rule that the privilege must be claimed, the exception does not apply outside the context of the *inherently coercive custodial interrogations* for which it was designed. The warnings protect persons who, exposed to such interrogation without the assistance of counsel, otherwise might be unable to make a free and informed choice to remain silent.

*Roberts v. United States*, 445 U.S. 552, 560-61 (1980) (emphasis added) (citing *Miranda*, 384 U.S. at 475-76). Under *Miranda*, custody "specifies circumstances that are thought generally to present a serious danger of coercion. That degree of coercive danger does not exist simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect as the perpetrator of the crime." *Tizon v. Commonwealth*, 723 S.E.2d 260 (Va. Ct. App. 2012) (internal quotation marks and citation omitted). Further, "[v]oluntary confessions are not merely a proper element in law enforcement, they are an unmitigated good, essential to society's compelling interest in finding, convicting, and punishing those who violate the law." *Maryland v. Shatzer*, 559 U.S. 98, 108 (2010) (internal quotation marks and citations omitted).

Kelley has not shown that his *Miranda* rights were violated. Officers did not physically restrain Kelley, they did not display their weapons while in Kelley's home, they told Kelley that he was not under arrest and that he was free to leave, and they also reminded Kelley several times that speaking with law enforcement was not required and he could leave at any time. Therefore, the state court's determination was not contrary to, or an unreasonable interpretation of, federal law, or based on an unreasonable determination of facts. I grant the motion to dismiss as to Claims 1 and 4.

In Claim 2, Kelley argues that the trial court erred in allowing the Commonwealth to play portions of the child pornography videos discovered on Kelley's computer because the jury became prejudiced by the "needless[ly] cumulative evidence" and the omission of "legal adult content downloaded under the same keyword search." Pet'r's Resp. 2, ECF No. 15. Kelley contends that, after trial counsel stipulated that Kelley had files containing child pornography, the stipulation and/or a screenshot[3] of the materials would have sufficed to prove the content.

However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts do not intervene in matters of state law "unless it impugns the fundamental fairness of the trial." *Stockton v. Virginia*, 852 F.2d 740, 748 (4th Cir. 1988) (citing *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960)). The Supreme Court of the United States has "defined the category of infractions that violate 'fundamental fairness' narrowly. Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation."[4] *Estelle*, 502 U.S. at 73 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)) (internal citations removed). A state court error in interpreting state law does not give rise to a federal Due Process issue unless it is "so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infects the trial." *McCafferty v. Leapley*, 944 F.2d 445, 452 (8th Cir. 1991).

Under *Estelle*, Claim 2 is not cognizable on federal habeas review because Kelley has not demonstrated that the trial court's admission violated the fundamental fairness of his trial. The

---

[3] In his pleadings, Kelley mentions that the Commonwealth had only shown the grand jury a "single still photo per file" at the indictment. Pet'r's Resp. 2, ECF No. 15.

[4] In *Estelle*, the petitioner argued that the trial judge incorrectly interpreted the California Evidence Code. However, "the Due Process Clause does not permit federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules." *Estelle*, 502 U.S. at 72 (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438, n.6 (1983)).

7

evidence was relevant and probative of his guilt, and Kelley fails to show that the evidence was unfairly prejudicial.

Regardless, "[t]he responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court. The exercise of that discretion will not be disturbed on appeal in the absence of *clear abuse*." *Spencer v. Commonwealth*, 393 S.E.2d 609, 617 (Va. 1990) (emphasis added). The Commonwealth was not restrained by Kelley's stipulation or the still photos presented to the grand jury; under Va. R. Evid. 2:403(a)(i), Kelley "had no right to have the evidence sanitized through stipulation and the Commonwealth was entitled to demonstrate to the jury exactly what *was* discovered on and downloaded from [Kelley's] computer." *Kelley*, No. 1419-13-3, slip op. at 7 (emphasis in original). Therefore, I grant the motion to dismiss as to Claim 2 because the claim is incognizable and also without merit.

In Claim 3, Kelley asserts that the evidence was insufficient to prove distribution of child pornography. However, on direct review, the Supreme Court of Virginia held:

> We reject Kelley's contention that the evidence was insufficient to prove distribution because the files were shared "without any volition on the part of Kelley." Kelley chose to download the Ares software onto his laptop computer by which he voluntarily participated in peer-to-peer file-sharing of child pornography. Whether Kelley's shared folder containing the child pornography was created as a default option by the software or by Kelley himself, the child pornography files were, in fact, downloaded by Kelley into his shared folder and, thereby, made available to other users of Ares.
>
> Although Kelley could have changed the settings on his laptop to preclude sharing of his downloaded files or prevented Morris from downloading the files from Kelley's shared folder, he chose not to do so. Kelley was familiar with the operation of the software, having used it before to download music, and he even explained to [Officer] Miller "how it worked." Therefore, reasonable jurors could conclude that Kelley, by his own volition, shared the child pornography files with Morris. Accordingly, the evidence was sufficient for the jury to find that Kelley reproduced by any means, including by computer, sold, gave away, electronically

transmitted or distributed child pornography in violation of [Va.] Code § 18.2-374.1:1(C)(i).

*Kelley v. Commonwealth*, No. 140837, slip op. at 8 (Va. Apr. 16, 2015), ECF No. 10, Attach. 3.

Kelley has repeatedly stated that he never shared child pornography; he only downloaded, viewed, and then deleted the files. However, even though Kelley may have only "passively" allowed other Ares users to download child pornography off of his computer, he used the program, understood the program,[5] and allowed his computer system to facilitate further downloading of child pornography materials by others when he did not deactivate the "sharing" functionality. Trial Tr. 61, 71-72.

In light of the evidence and the standard under *Jackson*, Kelley cannot show that no rational trier of fact could have agreed with the jury in convicting him of § 18.2-374.1:1(C)(i). Therefore, the state court's determination was not contrary to, or an unreasonable application of, federal law, or based on an unreasonable determination of facts. I grant the motion to dismiss as to Claim 3.

## VI.

For the reasons stated, I **GRANT** the motion to dismiss. Kelley's petition is partially procedurally defaulted and otherwise without merit. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Kelley and to counsel of record for Respondent. Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

---

[5] Kelley also knew that his downloaded files went to a particular location: My Shared Folder. Trial Tr. 71-72.

**ENTER:** This __8th__ day of December, 2017.

_/s/ Norman K. Moon_
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE